# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 11-20730-CIV-HUCK/BANDSTRA

CRISTOBAL SARRIA,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Petitioner Cristobal Sarria's Motion for Reconsideration of Denial of Motion to Vacate (D.E. #17). Petitioner's Motion is based on new federal precedent, namely the Third Circuit's decision in *United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011). For the reasons discussed below, Petitioner's Motion for Reconsideration is DENIED.

## I.    BACKGROUND FACTS

Petitioner, Mr. Christobal Sarria, fled Cuba in 1982. On February 7, 1986, he was indicted and charged with possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On May 5, 1986, Petitioner pled guilty to the conspiracy charge and was sentenced to five years in prison. Due to his cooperation, the Government filed a motion to reduce his sentence, and on September 9, 1987, Petitioner's sentence was ultimately reduced to 30 months.

On March 3, 2011, Petitioner filed a Motion to Vacate Judgment and Sentence pursuant to 28 U.S.C. § 2255, or in the alternative, Writ of *Coram Nobis* and/or *Audita Quarela* pursuant to 28 U.S.C. § 1651 (D.E. #1). In his Motion to Vacate, Petitioner argued that his attorney in his criminal case, who knew or should have known that the Petitioner was not a citizen of the United States, encouraged him to plead guilty. Petitioner alleged that his attorney did not tell him that the plea would have an adverse effect on his immigration status. Petitioner alleged that had his attorney advised him of the possible immigration consequences, he would not have entered a change of plea

from "not guilty" to "guilty." Currently, Petitioner is on an Order of Supervision with immigration, and should the United States' relations with Cuba change, he could in fact be deported to Cuba. But for his conviction, Petitioner would be eligible to adjust to legal status under the Cuban Adjustment Act.

On June 22, 2011, Judge Bandstra issued a Report and Recommendation (D.E. #13), finding that the provisions of 28 U.S.C. § 2255 do not apply to Petitioner because he is no longer in custody. *See Maleng v. Cook*, 490 U.S. 488 (1989). Further, Judge Bandstra found that Petitioner was not entitled to a writ of *coram nobis* because he cannot demonstrate prejudice, regardless of whether *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), the case in which the Supreme Court held that counsel must advise a client of the deportation risks of a guilty plea, applies retroactively.  On July 18, 2011, this Court adopted Judge Bandstra's Report and Recommendation. Petitioner now asks this Court to reconsider that decision.

In his Motion for Reconsideration, Petitioner argues that based upon the Third Circuit's recent decision in *United States v. Orocio*, *Padilla v. Kentucky* should apply retroactively to his case because it represents an old rule rather than a new rule. However, two other Courts of Appeals have recently found that *Padilla* constitutes a new rule that does not fit into either of the two narrow exceptions to non-retroactivity laid out in *Teague v. Lane*, 489 U.S. 288 (1989), and therefore does not have retroactive effect.

## II.    LEGAL ANALYSIS

Petitioner argues that his counsel's failure to advise him of immigration consequences stemming from his plea amounts to ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). Using the test set forth in *Strickland*, "the petitioner must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Next, Petitioner must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to meet the first prong of this test, however, counsel's failure to warn of the immigration consequences of a plea must fall below the objective standard of reasonableness. In *Padilla v. Kentucky*, the Supreme Court announced the rule that counsel must advise a client of the deportation risks of a guilty plea. *Padilla*, 130 S. Ct. at 1486. Because *Padilla* was not decided until 2010, however, Petitioner, seeks to retroactively apply the Supreme Court's holding in *Padilla* to his case.

2

A.   *Padilla v. Kentucky*

In *Padilla*, the defendant claimed that his counsel failed to advise him of the effect of his guilty plea on his immigration status. 130 S.Ct. at 1478. The defendant "allege[d] that he would have insisted on going to trial if he had not received incorrect advice from his attorney." *Id.* However, the Supreme Court of Kentucky denied the defendant's post-conviction relief, holding "that the Sixth Amendment's guarantee of effective assistance of counsel does not protect a criminal defendant from erroneous advice about deportation because it is merely a 'collateral' consequence of his conviction." *Id.*

The Supreme Court disagreed and held "that counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 1486. The Supreme Court recognized that deportation is an integral part in the sentence that may be placed upon non-citizen defendants who have pled guilty. *Id.* at 1480. The Court found that the collateral versus direct distinction applied by the Supreme Court of Kentucky was "ill-suited to evaluating a *Strickland* claim concerning the specific risk of deportation" and held that "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel" and that "*Strickland* applies to [defendant's] claim." *Id.* at 1482.

With regards to the test set forth in *Strickland*, the Court stated that "[i]t is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so clearly satisfies the first prong of the *Strickland* analysis." *Id.* at 1484 (internal quotation marks omitted). The reasonableness that an attorney's performance must measure up to is based upon professional norms and "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id.* at 1482.

Although the Supreme Court found the first prong of *Strickland* was met, whether the defendant in *Padilla* was entitled to relief depended upon whether he could show prejudice, the second prong of the *Strickland* analysis. *Id.* at 1487. The Court remanded the case in order to determine whether the defendant could "demonstrate prejudice as a result" of his counsel's conduct. *Id.*

In the current case, Petitioner seeks to apply the Supreme Court's ruling in *Padilla* to show that his counsel's conduct fell below a reasonable standard and prove that he was therefore prejudiced. Accordingly, the issue is whether this Court can apply the ruling in *Padilla* to a case that concluded over twenty years before the Supreme Court rendered its decision in *Padilla*.

3

### B.   Old Rule v. New Rule

Whether *Padilla* should apply retroactively to Petitioner's case depends on whether the Court in *Padilla* announced a new rule or an old rule. "[A]n 'old' rule will apply to cases on both direct and collateral review." *United States v. Chang Hong*, No. 10-6294, 2011 WL 3805763, at *5 (10th Cir. Aug. 30, 2011). A rule is considered "old" if a "court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution." *Id.* (citing *O'Dell v. Netherland*, 521 U.S. 151, at 156 (1997)). Conversely, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301.

For purposes of collateral review, *Teague* laid out two exceptions that would allow for a new rule to apply retroactively. *Id*. at 311. A new rule will apply "retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority.'" *Id.* at 307 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971)). The second exception adopted by the Court in *Teague* requires a new rule to apply retroactively if it would "alter our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of a particular conviction." *Id.* at 311 (quoting *Mackey*, 401 U.S. 667 at 693).

### C.   Circuit Splits

The question of whether *Padilla* represents a new rule or merely a variation on the *Strickland* analysis has resulted in a recent split among the Circuit Courts of Appeals.  The Third Circuit recently addressed this issue in *United States v. Orocio* and held that the Supreme Court's decision in *Padilla* should be "retroactively applicable on collateral review." 645 F.3d at 634. Petitioner relies upon this holding as the basis for his contention that *Padilla* should apply retroactively to his case.

In *Orocio*, the defendant was born in the Philippines and became a lawful permanent resident of the United States in 1997. *Id*. In 2004, based on the advice of his counsel, the defendant pled guilty to one count of simple possession of a controlled substance. *Id.*  As in the current case, the defendant filed a *coram nobis* petition alleging his attorney did not "provide the effective assistance of counsel required by *Strickland*." *Id.* at 635.  The court found that using *Padilla* within the *Strickland* analysis "is not so removed from the broader outlines of precedent as to constitute a 'new rule,' for the Court had long required effective assistance of counsel on all 'important decisions.'" *Id.* at 638 (citing *Strickland*, 466 U.S. at 688). Because the first prong of the *Strickland* analysis is based upon a determination of whether the attorney's representation "fell below an objective

standard of reasonableness," the Court reasoned that *Padilla* simply applied "the norms of the legal profession that insist upon adequate warning to criminal defendants of immigration consequences." *Id.* at 638. "[B]ecause *Padilla* followed directly from *Strickland* and long-established professional norms, it is an 'old rule' for *Teague* purposes," and the Third Circuit found it applied retroactively. *Id.* at 641.

Two other circuits, however, have recently reached the opposite conclusion. In *Chaidez v. United States*, No. 10-3623, 2011 WL 3705173 (7th Cir. Aug. 23, 2011), the Seventh Circuit concluded that the *Padilla* decision constituted a new rule that did not fall within the two exceptions laid out in *Teague* and therefore should not apply retroactively.[1] In *Chaidez*, the defendant was a Mexican national and lawful permanent resident of the United States. *Id.* at *1. On the advice of counsel, she pled guilty to mail fraud involving a loss in excess of $10,000, thus rendering her eligible for deportation. *Id.* The defendant then alleged ineffective assistance of counsel because her attorney never informed her of the consequences her plea would have on her immigration status. *Id.*

In determining whether the *Padilla* decision represented a new rule, the Seventh Circuit inquired into whether a court considering the defendant's claim, prior to the decision in *Padilla*, "would have felt compelled by existing precedent to conclude that [*Padilla*] was required by the Constitution." *Id.* at *3 (quoting *Saffle v. Parks*, 494 U.S. 484, 488 (1990)). The Seventh Circuit determined that it was not compelled by precedent based upon the "narrow definition of what constitutes an old rule," the decisions of lower courts, and due to the differing opinions within the Supreme Court in *Padilla* itself. *Chaidez*, 2011 WL 3705173, at *8.

Most convincingly, the *Chaidez* Court argued that precedent prior to *Padilla* clearly indicated that an attorney was not obligated to give advice on collateral matters, and therefore the decision must constitute a new rule. Prior to the Court's decision in *Padilla*, "the lower federal courts consistently reaffirmed that deportation is a collateral consequence of a criminal conviction and that the Sixth Amendment does not require advice regarding collateral consequences." *Id.* at *5. Further, "at least nine Courts of Appeals had uniformly held that the Sixth Amendment did not require

---

[1] In *Chaidez*, "the parties agree[d] that if *Padilla* announced a new rule neither exception to non-retroactivity applies."*Id.* at *3.

counsel to provide advice concerning any collateral (as opposed to direct) consequences of a guilty plea." *Id.*

"Lack of unanimity on the Court in deciding a particular case supports the conclusion that the case announced a new rule." *Id.* at *4. The justices of the *Padilla* Court offered such an "array of views." *Id.* The concurrence in *Padilla* noted that the majority's decision was ground-breaking, referring to the holding as "dramatic departure from precedent." *Id.* (citing *Padilla*, 130 S. Ct. at 1488). In his dissent, Justice Scalia stated that "[t]here is no basis in text or in principle to extend the constitutionally required advice regarding guilty pleas beyond those matters germane to the criminal prosecution at hand." *Padilla*, 130 S.Ct. at 1495. The Court in *Chaidez* reasoned that with such varying opinions regarding the outcome, *Padilla* could not have been dictated by precedent. *Chaidez*, 2011 WL 3705173, at *4.

Although the *Chaidez* Court conceded that applying *Strickland* to "unique facts" will usually not produce a new rule, it found that *Padilla* represents an exception. *Id.* at *7. Because the Supreme Court had never held that counsel must provide advice regarding collateral matters in order to be competent within the Sixth Amendment, *Padilla* represents a departure from precedent and cannot be considered an old rule. *Id.*

The Tenth Circuit reached a similar result in *United States v. Chang Hong*, No. 10-6294, 2011 WL 3805763 (10th Cir. Aug. 30, 2011). In *Chang Hong*, the defendant was of South Korean descent and a permanent legal resident of the United States. *Chang Hong*, 2011 WL 3805763, at *1. While in jail after pleading guilty to a drug crime and being sentenced to 37 months, the defendant was notified he was subject to removal from the United States. *Id.*  The defendant sought to vacate his conviction and sentence as well as to withdraw his guilty plea based on ineffective assistance of counsel due to his counsel's failure to advise him as to the immigration consequences of his plea. *Id.* Just as in *Chaidez*, the Tenth Circuit determined that *Padilla* represents a new rule "because it was not compelled by existing precedent at the time [defendant's] conviction became final." *Id.* at *3. Additionally, just as in *Chaidez*, the Tenth Circuit examined the decisions of lower courts as well as noting the "strong concurrence and dissent" in *Padilla*. *Id.* at *6. It found that prior to the decision in *Padilla*, "most state and federal courts had considered the failure to advise a client of potential collateral consequences of a conviction to be outside the requirements of the Sixth Amendment." *Id.* at *6. In holding the decision in *Padilla* to not apply retroactively, the *Chang Hong* Court wrote

6

that "*Padilla* marked a dramatic shift when it applied *Strickland* to collateral civil consequences of a conviction – a line courts had never crossed before." *Id.* at *7.

D.      **Mr. Sarria's Motion For Reconsideration**

Petitioner's case is much like the cases discussed above. Petitioner is not a citizen of the United States and pled guilty to a drug crime leading to potential immigration consequences. Like the defendants in *Orocio*, *Chaidez*, and *Chang Hong*, Petitioner seeks to apply the Court's ruling in *Padilla* retroactively. The reasoning set forth in the decisions of the Seventh and Tenth Circuits, however, is more persuasive than that of the Third Circuit, and accordingly, this Court finds that *Padilla* is a new rule that does not apply retroactively.

As discussed above, a rule is considered old when "a court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution." *Chang Hong*, 2011 WL 3805763, at *5 (quoting *O'Dell*, 521 U.S. at 156). As noted above, because most courts at both the state and federal level did not consider attorneys obligated by the Sixth Amendment to advise their clients as to collateral consequences, it is apparent that *Padilla* was not dictated by precedent. *Id.* at *6.  Instead, as Justice Alito wrote in his concurrence in *Padilla*, the majority's decision represents a "dramatic departure from precedent." *Padilla*, 130 S. Ct. at 1488. While Petitioner argues that *Padilla* comes directly from *Strickland* and merely "reaffirmed defense counsel's obligations to the criminal defendant during the plea process," *Orocio*, 645 F.3d at 638, the case law clearly supports the conclusion that this is a departure from precedent. Additionally, as the Seventh Circuit noted, "if *Padilla* is considered an old rule, it is hard to imagine an application of *Strickland* that would qualify as a new rule." *Chaidez*, 2011 WL 3705173, at *7.

Because *Padilla* represents a departure from precedent, this Court finds that it is a new rule in the context of *Teague*. Further, *Padilla* does not appear to fall within the two narrow exceptions laid forth in *Teague*. As noted by the court in *Chang Hong*, "A new rule will apply retroactively to a final conviction only under very limited circumstances." *Chang Hong*, 2011 WL 3805763, at *8. The Tenth Circuit noted that because the rule in *Padilla* is not substantive, only the procedural exception to non-retroactivity might apply. *Id.* The *Chang Hong* Court then recognized that "[t]he exception is quite narrow, and since *Teague*, the [Supreme] Court has rejected every attempt to fit a case within the exception. To surmount this 'watershed' requirement, a new rule must (1) 'must be necessary to prevent an impermissibly large risk of an inaccurate conviction,' and (2) 'must alter

our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" *Id.* (internal citations omitted). This Court concludes, as did the Tenth Circuit, that *Padilla* does not fall within this exception to non-retroactivity. Based on the Tenth Circuit's reasoning, *Padilla* therefore is a new rule that does not apply retroactively to Petitioner's case.

Furthermore, as previously noted, even if Petitioner could apply *Padilla* retroactively, thus meeting the first prong of the *Strickland* analysis, he is unable to show prejudice and overcome the second prong of the test. Petitioner submitted only an affidavit stating that had he known about the consequences on his immigration status he would not have pled guilty and would have elected to go to trial. He has not proclaimed his innocence or alleged any potential defenses. Under the *Strickland* analysis, Petitioner must demonstrate a "reasonable probability" that the result would have been different, but for counsel's errors. *Bradford v. Whitely*, 953 F.2d 1008, 1012 (5th Cir. 1992). He has not met that showing here.

## III.   CONCLUSION

For the reasons set forth above, Petitioner's Motion for Reconsideration is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, October 18, 2011.

Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge Ted E. Bandstra
All Counsel of Record